UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LARRY HIGGINS,<br><br>                Plaintiff,<br><br>v.<br><br>PEOPLES AUTO SALES,<br><br>                Defendants. | CAUSE NO.: 2:20-CV-154-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on a Report and Recommendation [ECF No. 34], filed by Magistrate Judge Andrew P. Rodovich on September 7, 2021.

On April 9, 2018, Plaintiff Larry Higgins, by counsel Attorney Michael J. Massa, filed a Complaint [ECF No. 3] in the Lake County, Indiana, Superior Court against Defendants Sabrina Vellender and Peoples Auto Sales alleging negligence in relation to an April 9, 2016 vehicle collision. On April 14, 2020, Defendant Peoples Auto Sales removed the matter to this Court. *See* ECF No. 1. On July 28, 2020, the Clerk of Court issued a notice pursuant to Federal Rule of Civil Procedure 4(m) that Defendant Sabrina Vellender may be dismissed for failure to serve process. *See* ECF No. 12. The same date, the Court issued an order setting a telephonic Rule 16(b) scheduling conference for August 13, 2020. *See* ECF No. 13. On August 6, 2020, Defendant Peoples Auto Sales filed a Proposed Report of Parties' Planning Meeting in which counsel represented that efforts to contact Attorney Massa to participate in preparation of the report were unsuccessful. *See* ECF No. 15 ¶ 1. Attorney Massa failed to appear for the August 13, 2020 telephonic preliminary pretrial conference. *See* ECF No. 16. The Court ordered Attorney Massa to file an affidavit no later than August 27, 2020, explaining why he failed to

appear at the conference; the Court warned Attorney Massa that the failure to timely file the affidavit showing good cause may result in dismissal of the case pursuant to Federal Rules of Civil Procedure 16(f) and 41(b). *See* ECF Nos. 16, 17. Attorney Massa filed a response with an explanation on August 28, 2020. *See* ECF No. 21.

On November 13, 2020, and January 15, 2021, Attorney Massa participated in scheduled telephonic status conferences. *See* ECF Nos. 25, 27. At the January 15, 2021 conference, the Plaintiff was granted through February 26, 2021, to perfect service on Defendant Vellender. *See* ECF No. 25. However, no return of service was filed for Defendant Vellender. On May 7, 2021, the Clerk of Court issued a Rule 4(m) notice that Defendant Vellender may be dismissed for failure to serve process, *see* ECF No. 29, and, on June 10, 2021, the Court dismissed this matter as to Defendant Vellender, *see* ECF No. 30.

On July 9, 2021, Attorney Massa failed to appear for a scheduled telephonic status conference, and the Court indicated that a show cause order would be issued. *See* ECF No. 31. On July 12, 2021, the Court issued an Order requiring Attorney Massa to explain, in writing, by July 23, 2021, why he failed to appear at the conference. *See* ECF No. 32. Attorney Massa did not make the required filing. On September 3, 2021, Attorney Massa again failed to appear at a scheduled telephonic status conference. *See* ECF No. 33. Defendant Peoples Auto Sales orally moved to dismiss for lack of prosecution. *See id.*

In the September 7, 2021 Report and Recommendation [ECF No. 34], Judge Rodovich recommends that the Court dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 16(f) and 41(b) for failure to prosecute.

The Court's review of a Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1)(C), which provides as follows:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Judge Rodovich gave the parties notice that they had fourteen days to file objections to the Report and Recommendation. ECF No. 34. As of the date of this Order, neither party has filed an objection, and the time to do so has passed.

Federal Rule of Civil Procedure 16(f) allows for the sanction of dismissal if a party or an attorney fails to appear at a scheduling or other pretrial conference or fails to obey a scheduling or other pretrial order. *See* Fed. R. Civ. P. 16(f)(1)(A), (C) (incorporating the sanctions set forth in Federal Rule of Civil Procedure 37(b)(2)(A)(ii)–(vii)). Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Ball v. City of Chicago*, 2 F.3d 752, 753, 758–60 (7th Cir. 1993). "The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a *careful* exercise of judicial discretion." *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). As a result, district courts consider the following six factors when ruling on a Rule 41(b) motion to dismiss for lack of prosecution:

3

> [T]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Id.* at 931–32 (quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)). Having considered these factors, the Court finds no clear error in the Magistrate Judge's recommendation of dismissal for failure to prosecute.

Early in this case, Attorney Massa failed to participate in a scheduling conference, was ordered to show cause for his failure to appear, and was warned that the failure to show cause may result in dismissal under Rules 16(f) and 41(b). Although he subsequently participated in two status conferences, he has failed to participate since that time. Following the January 15, 2021 status conference, the Plaintiff failed to show proof of service on Defendant Vellender, resulting in the dismissal of Defendant Vellender. Then, Attorney Massa failed to appear for the July 9, 2021 status conference, failed to comply with the Court's order to provide a written explanation for his failure to appear, and failed to appear at the September 3, 2021 status conference.

Attorney Massa has repeatedly failed to participate in this litigation despite established deadlines, court orders, and a warning of dismissal. These failures have a dilatory effect on the Court's calendar and time, requiring additional orders and court settings and delaying the progress of this case. Attorney Massa's inaction has prejudiced the Defendant's ability to defend this case, and Attorney Massa's failure to appear at scheduled conferences has necessitated the Defendant's time and resources to appear at additional conferences. The merits of this negligence lawsuit are unclear, but the Court notes that the individual defendant has been dismissed for

failure to serve process. Finally, any consideration of the relevant social objectives is outweighed by the above factors and Attorney Massa's failure to prosecute this case. *See, e.g.*, *Martinez v. County of Porter*, No. 2:15-CV-35, 2016 WL 6996045, at *2 (N.D. Ind. Nov. 30, 2016). Accordingly, the Court adopts, in full, the Magistrate Judge's recommendation of dismissal under Rules 16(f) and 41(b).

## CONCLUSION

Therefore, the Court ACCEPTS, IN WHOLE, the Report and Recommendation [ECF No. 34]. The Court GRANTS Defendant Peoples Auto Sales' oral Motion to Dismiss [ECF No. 33] and ORDERS that the Plaintiff's Complaint is DISMISSED with prejudice.

SO ORDERED on September 28, 2021.

          s/ Theresa L. Springmann  
          JUDGE THERESA L. SPRINGMANN  
          UNITED STATES DISTRICT COURT